IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Pulte Home Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No. 0:13-1746-CMC |
| v. ) | |
| ) | **ORDER AND OPINION** |
| ) | **ON MOTION TO** |
| S&ME, Inc., ) | **DISMISS OR STAY** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Through this action, Plaintiff Pulte Home Corporation ("Pulte") seeks recovery from Defendant S&ME, Inc. ("S&ME"), for alleged deficiencies in "professional services for the design, engineering, placement, selection, testing, mucking and filling and/or compaction of the soil" at a home site. Complaint ¶ 6. Pulte alleges that deficiencies in S&ME's work led to structural problems in a home built on the site and those problems have caused Pulte to incur expenses related to repair of the home and defense of an ongoing arbitration proceeding, which may lead to further liabilities.

The matter is before the court on S&ME's motion to dismiss or stay. Dkt. No. 7. For the reasons set forth below, the motion is granted in part and denied in part.

**BACKGROUND**

Pursuant to a written contract with Pulte, S&ME performed certain engineering and testing services on a home site. Pulte subsequently constructed a home on the site for Stephen C. Marcy and Heidi A. Marcy (the "Marcys"). The home allegedly developed structural problems after construction. Pulte investigated and made some efforts to repair the problems. It also offered to make further repairs.

The Marcys instituted arbitration proceedings against Pulte despite these efforts and offers. The arbitration proceeding is scheduled for final hearing in March 2014.

Pulte alleges that the structural problems with the home are the result of deficiencies in S&ME's site work and testing. Pulte invited S&ME to participate in the arbitration between Pulte and the Marcys. S&ME declined, leading Pulte to institute this action, through which Pulte seeks recovery under the following five causes of action: (1) indemnity based on "breach of the express or implied contractual obligations and warranties"; (2) professional negligence; (3) non-delegable duty/vicarious liability; (4) breach of warranty; and (5) breach of contract.

Pulte alleges that it has suffered and will suffer the following categories of damages as a result of S&ME's deficient work:

> (a) repair, investigation and experts' costs;
> (b) internal overhead costs resulting from the involvement of personnel of Pulte involved with the correction of the deficiencies;
> (c) interest on monies expended related to the repairs;
> (d) loss of income and profits resulting from the deficiencies;
> (e) consequential damages relating to owners and occupants of the Residence to the extent that they have lost the use and enjoyment of the residency by virtue of the deficiencies and repairs as discussed herein; and,
> (f) all such other consequential and direct damages.

Complaint ¶ 34.

## DISCUSSION

**I.     Ripeness**

S&ME's primary argument is that Pulte's claims, which S&ME characterizes purely as claims for indemnity, are not ripe because the arbitration proceeding remains open. Dkt. No. 7-1 at 3-6. S&ME relies, *inter alia*, on *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559

F.2d 928 (4th Cir. 1977), in which the Fourth Circuit held that a claim for indemnity was not ripe for resolution where there "ha[d] been neither a determination of liability or a settlement" in the underlying actions. *Id.* at 932 (finding fact plaintiff had "incurred some expenses in defending [the underlying] actions" was not enough to "make ripe their claims for indemnification against all potential liability and expenses").[1]

Pulte's claims are not, however, limited to claims for indemnity that may arise from or relate to the arbitration proceeding. It also seeks recovery for some repairs and related expenses and losses (distinct from litigation expenses) that it has already incurred. Thus, at least some aspects of Pulte's claims are ripe. Other aspects, such as claims arising from or relating to the arbitration proceeding, are not.

Under these circumstances, the court denies the motion to dismiss based on lack of ripeness but grants alternative relief in the form of a partial stay (exclusive of discovery) pending arbitration. The court reaches this conclusion in part for the reasons argued by S&ME (Dkt. No. 7-1 at 6-8), in

---

[1] The Fourth Circuit did not state that the claim itself was premature, only that it was not ripe for resolution. *Id.* The court's suggestion that the district court consider consolidation with the underlying action on remand further suggests that the action itself was properly before the court, though not yet ripe for *resolution*. This conclusion is further supported by the Fourth Circuit's reliance on *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.,* 339 F.2d 673 (3rd Cir. 1964), which the court suggested provided "proper course." *Tidewater,* 559 F.2d at 933. As explained earlier in *Tidewater*, *Ellerman* "concluded that the action for indemnification was not premature, because it had been commenced after the shipowner had incurred some expenses defending the personal injury suit[,]" though the court concluded consolidation was the proper course unless the district court found "disadvantages outweighing the obvious advantages of consolidation." *Tidewater,* 559 F.2d at 931 (quoting *Ellerman*, 339 F.2d at 675). Consolidation is not, of course, available in this case given that the underlying action is proceeding in arbitration.

3

part based on Pulte's conditional consent to a stay,[2] and in part based on the parties' joint response to Local Civil Rule 26.03 interrogatories in which they explain as follows:

> Defendant has filed a Notice and Motion to Dismiss and/or to Stay on the basis that the claims of the Marcys are the current subject of an arbitration proceeding. Counsel for Plaintiff and Defendant have suggested revisions to the Scheduling Order issued by the court to add time to the deadlines so that the issues in the underlying arbitration can be determined before this matter comes to trial. This will assist the Plaintiff in setting forth its damages with more particularity.

Dkt. No. 15 at 7-8. In light of all of the above, the court finds that a stay of proceedings other than discovery is in the interest of judicial economy given that the arbitration is set for final hearing in March 2014.[3] The extent and conditions of the stay are set forth in the conclusion of this order.

## II.     Claim for non-delegable duty/vicarious liability

The court agrees with S&ME that "non-delegable duty" and "vicarious liability" are not independent causes of action. They are, instead, legal doctrines which may be relevant to Pulte's professional negligence claim. *See Osborne v. Adams*, 550 S.E.2d 319, 324 (S.C. 2001). The court, therefore, grants S&ME's motion to the extent it seeks dismissal of Pulte's third cause of action.

## III.    Claim for breach of express or implied warranties

In its fourth cause of action, Pulte alleges breach of express or implied warranties. *See, e.g.,* Complaint ¶ 24 (alleging that "S&ME expressly or impliedly warranted to Pulte that all work

---

[2] In its opposition memorandum, Pulte states that it "is not averse to some reasonable scheduling order parameters or stay provisions to allow the underlying arbitration to conclude before this matter is tried." Dkt. No. 14 at 8.

[3] The court adopts S&ME's arguments in support of a stay to the extent S&ME argues a significant portion of Pulte's claimed damages are contingent. The court declines to adopt S&ME's arguments to the extent S&ME argues Pulte has yet to incur any damages or that the damages sought are limited to indemnification.

performed by them would be performed in a careful, diligent and workmanlike manner, and that any materials and/or services designed, supplied or sold by them for use on the project would be merchantable and fit for their intended or specific purpose."). The contract itself is attached to the complaint and, as explained in Pulte's response, includes language arguably in the nature of an express warranty.

Citing to a case involving legal services, S&ME argues that "no South Carolina case has upheld a cause of action for breach of express warranty against a service provider." Dkt. No. 7-1 at 11 (citing *Holy Loch Distribs., Inc. v. R.L. Hitchcock*, 531 S.E.2d 282, 285 (2000) (rejecting claim against attorney for breach of an express warranty to obtain a specific result)). The services at issue in this case are not, however, legal services. They are, instead, services relating to testing or preparation of land, a tangible thing. Thus, the services at issue here may be more like those distinguished in *Hitchcock*: services "where a product or some other tangible item is involved, such as . . . architectural plans or specifications." *Id.* at 286. In any event, *Hitchcock* only addressed warranties to obtain a specific result, not warranties "of merchantability, workmanlike service, and/or fitness for a particular or intended purpose[.]" Dkt. No. 1 ¶ 24.

The court, therefore, denies the motion to dismiss the warranty claim. Denial of this aspect of the motion is without prejudice to renewal of the arguments after the completion of discovery.

**CONCLUSION**

For the reasons set forth above, the court (1) grants S&ME's motion to dismiss Pulte's third cause of action, (2) denies the motion to dismiss Pulte's fourth cause of action, (3) denies S&ME's motion to dismiss on ripeness grounds, and grants, in part, S&ME's alternative request to stay. In

light of the schedule proposed by the parties and adopted by the court (Dkt. No. 22), the court stays proceedings other than those related to discovery until after the conclusion of the arbitration. In the event the arbitration is not fully resolved by June 6, 2014, the parties may seek an extension of any unexpired deadlines for a period not to exceed sixty days.

    IT IS SO ORDERED.

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 11, 2013